Curia, per
Frost, J.
The report presents the facts of a case made and submitted in the Circuit Court. On it, the opinion' of the Court was taken, whether the evidence was sufficient to maintain the action, and support a verdict for the plaintiff. If, in the judgment of the Court, it was not sufficient, a non-suit should be entered; otherwise a verdict should be taken for the plaintiff.
One of the points presented by the grounds of appeal is, whether when it was proved that the cattle of the plaintiffs, pasturing on his own land, were killed by the passenger train of the Company, in its progress along the track of the road, and the particular circumstances of the destruction were not disclosed, the jury might infer negligence from these facts.
The damage to the plaintiff resulted from the killing of his cattle by immediate force. If trespass were brought against the engineer, on the evidence submitted in this case, the plaintiff would be entitled to a verdict for his damages, unless the defendant showed matter, in excuse or justification. If trespass were brought against a drayman, for driving against and killing the plaintiff’s horse, on proof that the defendant did kill the plaintiff’s horse, as alleged, without any further evidence of the circumstances or manner of the killing, that would be sufficient for the recovery of damages. The onus would be thrown on the defendant to discharge himself of liability. It would be no de-fence that the defendant was shewn to have been in the pursuit of a lawful employment, and was lawfully driving his dray, in a public street, and that the act was not wilful. Leame vs. Bray (3 East, 593.) Every act must be either wilful, or negligent, or *335 accidental. In trespass the plaintiff may recover, if the injurious act is either wilful or negligent. The defendant is excused, if it is wholly accidental. Proof of the act, and of the injury* resulting from it, is prima facie evidence that the act was done wilfully or negligently. If the defendant alleges in his defence that the injury was accidental, he must prove it.
But this is an action on the case against the Company, to recover damages caused by the negligence of their engineer. If théy engineer drove over the cattle wilfully, the Company is not lia? ble. To maintain his action, the plaintiff must therefore shew, that the cattle were killed by .the negligence of the engineer. Both plaintiff and defendant admit that the case does not shew wilful injury. The only enquiry for the jury was, did the injury result from negligence or accident ? If not accidental, it must have been negligent.
In an action of trespass against the engineer, the facts stated would be prima facie evidence, that the injury was wilful or negligent. No inference or presumption of law would arise, that the injury was accidental, which the plaintiff would be required to rebut by evidence of the particular circumstances of the injury. In an action on the case, the same facts must equally' shew a prima facie case of negligence, to the exclusion of any inference or presumption of law that it was accidental; unless, indeed, the same facts can admit of inconsistent inferences or presumptions of law, when produced in evidence in different forms of action. Then the facts stated, which shew damageN from immediate force, are, prima facie, sufficient to maintain the plaintiff’s action; and if the defendant rests his defence on the ground, that the injury was accidental, he must shew it by evidence of (he circumstances and manner of the injury.
To maintain the defence that a forcible injury is accidental, ibis not enough to shew that it was not intentional, but it must appear to have occurred unavoidably, and without the least fault imputable to the person who does the injury. Jennings vs. Funderburg (4 McC. 161) was an action of trespass for shooting the plaintiff’s slave. The case was proved by the admission of the *336 defendant; he said that he had surprised the slave in a camp of runaways, and had fired his gun over their heads, so as not to take effect on them, and that the plaintiff’s slave was killed by a random shot, which had been turned out of its direction. It was held that it was not sufficient to excuse the defendant,that the act was unintentional; that the pursuit of the runaway slaves was lawful and laudable, and the firing of the gun, merely to intimidate them, was innocent; but the defendant should have reflected how easily a ball may be glanced from its direction, and that the trespass could not be excused as accidental, because the killing of the slave was not wholly without fault. If the defendant pleads, specially, that the injury was the result of accident, he must set out the case, with all its circumstances, so that it shall appear to the Court that the injury was inevitable, and that the defendant had committed no negligence to give occasion to the hurt; for no man shall be excused of a trespass, except it may be judged utterly without his fault. Weaver vs. Ward (Hob. 134.)
Negligence cannot be defined by any rules of evidence; it must be inferred from all the facts of the case. It may sometimes be doubtful whether an injurious act was negligent or accidental. In such cases the jury only can decide, bearing in mind that it is not incumbent on the plaintiff to negative accident, but on the defendant to prove it.
In an action of assumpsit by a passenger, against the proprietor of a coach for negligence, whereby the plaintiff was thrown off the coach and injured, it was held that the plaintiff made a prima facie case of negligence, when he proved the accident and the damage he suffered. It might be impossible to give any other evidence of negligence. The defendant has the means to repel this presumption, if it be unfounded, and it is incumbent on him to make out that the damage resulted from accident. Christie vs. Griggs (2 Cam. 79.) In Pigot vs. the Eastern Counties Railway Company, (54 Eng. C. L. R. 228,) it was adjudged that the fact, that the premises were fired by sparks from a passing engine, is prima facie evidence of negligence on the *337 part of the Company, rendering it incumbent on them to shew that some precautions had been adopted by them, reasonably sufficient to prevent such accident. Aldridge vs. the Great Western Railway Company, (42 Eng. C. L. R. 273,) was a case stated under the statute 3 & 4 William IV. The facts submitted were, that a stack of beans in the plaintiff’s held, near the track of the road, was fired and destroyed by sparks from an engine, in its passage along the road, and past the plaintiff’s field. The engine was such as were ordinarily used on Rail Roads ; and, at the time the injury was done, was used in the ordinary manner and for the purposes authorized by the Act of Parliament, incorporating the Company. It was adjudged by the whole Court that the plaintiff could not be nonsuited, but that the case was proper for the decision of a jury. It was admitted that the plaintiff should shew some carelessness, or lay facts before the jury, from which negligence might be inferred ; but it was the opinion of the Court that, from the facts stated, the jury might infer negligence. In Simpson vs. the Portsmouth & Roanoke Rail Road Company, (2 Iredell, 140) proof that the. defendant’s fence was destroyed by sparks from the Company’s engine, was held sufficient to go to the jury, and from the fact of damage to the plaintiff, by the sparks, negligence might be inferred.
It must be assumed, by the terms of the case submitted, that the verdict was rendered by the jury after consideration of the evidence. Is there sufficient ground to set it aside ? That the Company did not produce witnesses to shew how the damage occurred, nor explain why they omitted to do so, tends to induce the belief that they could make no defence. They had the witnesses under their control. The plaintiff may not have been present when his cattle were killed, and may not be able to discover who were the persons employed on the train when the damage was done. When a party is charged with an act or declaration, which may subject him to an action, and does not deny it, his silence is construed into an admission. The same construction may be put on a party’s omission to offer testimony *338 in his defence, when it is in his power to produce the witnesses who might exculpate him.
The frequent repetition of injury, under similar circumstances, creates a presumption of negligence. In less than a twelvemonth, seven head of the plaintiff’s cattle were successively destroyed. The rule of the Company, charging the engineer with the value of cattle destroyed, is an admission, by the Company and its engineers, that in many cases, at least, the destruction may be avoided by care.
It would give dangerous license and indemnity to the destruction of cattle, if the Company and its engineers were protected by a presumption of law, that the destruction is inevitable, and the onus were thrown on the plaintiff to repel this presumption by evidence of the particular manner and circumstances in which the cattle were destroyed. The owner can seldom know who may be the persons in charge of the train when an injury is done, and if he does discover them, they cannot maintain his claim without charging themselves with a liability to pay it.
The motion is refused.
O’Neall, Evans, Wardlaw and Whitner, JJ., concurred.

Motion refused.